clerk

1  Jesse Aron Ross
2  HDSP-P.O. box 650
3  Indian Springs NV.
4  89070 #1095756

FILED _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT - 3 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| Jesse Aron Ross, | CASE NO: |
|---|---|
| Plaintiff, | 2:17-cv-02386-APG-GWF |
| -VS- | *Oral Argument Requested |
| Brian Sandoval et al., | *MOTION In Limine |
| Defendants | to waive NRS 41A.071 requirement and permission to present certain claims, in relation to the evolving standards of decency Doctrine. |

Comes Now above named Plaintiff, appearing Pro-se, and incarcerated, to respectfully move this court to waive NRS 41A.071 requirement and permit Plaintiff to present certain claims, in relation to the evolving standards of decency Doctrine. This motion is Based upon the papers and pleadings on file, the attached memo of Points and Authorities, And any oral argument permitted at the hearing of this matter. The defendants HAVE BEEN served, see Certificat of service.

Memorandum of Points & Authorities

Page 1

I. Procedural History - Abbreviations

(i) On 09-25-17, Plaintiff submitted the operable civil complaint in this case. First Amended complaint.

(ii) Abbreviations

(A) Nevada Department of Corrections   "NDOC"
(B) High Desert State Prison   "HDSP"
(C) Medical Delivery System   "MDS"
(E) First Amended Complaint   "FAC"
(F) In Forma Pauperis   "IFP"

II. Issues

(i) NRS 41A.071 Requires any civil complaint filed against a medical practitioner be accompanied with an affidavit of malpractice from a physician who practices a similar form of medicine as the practitioner being sued, if the action sounds in professional malpractice

(ii) NRS 41A.100 Allows for certain exceptions to the affidavit requirement for cases of res ipsa loquitur, none of which apply here.

(iii) Any suit filed without the NRS 41A.071 Affidavit is void ab initio.

(iv) In Plaintiff "FAC" there are three allegations of medical malpractice, see "FAC" counts 2, 4, and

Page 2

Count 18, which do not have the required Affidavit.

(V) Plaintiff is a Pro-se - incarcerated indigent Litigant, unable to obtain the required Affidavit due to incarceration and indigency.

(VI) Generally speaking verbal harrassment does not violate the 8th Amendment proscription on cruel and unusual punishment.

(VII)

~~III~~ Rule

NRS 41A.071; NRS 41A.100

Bounds-v-Smith 430 U.S. 817  97 S.ct. 1491 (1977)

Lewis-v-Casey 518 U.S. 343  116 S.ct. 2174 (1996)

Estelle-v-Gamble 429 U.S. 97  97 S.ct. 285 (1976)

Foster-v-Runnels 554 F.3d 807 9th cir. 2009

Whitley-v-Albers 475 U.S. 312 106 S.ct 1078 (1986

Hernandez-v-Denton 861 F.2d 1421 9th cir. 1988

Austin-v-Terhune 367 F.3d 1167 9th cir 2004

Wood-v-Beauclair 692 F.3d 1041 9th cir 2012

Oltarzewski-v-Ruggiero 830 F.2d 136 9th cir (1987)

IV. Analysis.

A. NRS 41A.071 Affidavit

NRS 41A.071 requires all civil actions, against a medical provider, for malpractice, be filed with a Affidavit from a medical provider stating the alleged Torts, Amount to Professional Malpractice. Any Action Filed without the Statutorily required Affidavit is Void Ab initio.

Page 3

1. Plaintiff is Pro-se- incarcerated and indigent, As
2. evidenced By Plaintiff "FAC" and "IFP" on File.
3. Therefore NRS 41A.071 is unconstitutional AS
4. it Applies to This case and this Plaintiff.
5. NRS 41A.071 is Voidable, Absent the state
6. Making an alternative means For Plaintiff to Access the courts.
7. Plaintiff has a constitutionally guaranteed right to Access
8. the courts (see Lewis-v-Casey 518 U.S. 343 at 346 116
9. S.Ct 2174 (1996) Furthermore the state Not only has A
10. duty to obstain from tortious interference to the courts,
11. that is the Prisoners right to Access But the Supreme court
12. requires the State of Nevada to Affirmatively take steps,
13. to Assure Prisoners have meaningful Access to the courts
14. see Bounds-v-smith 430 U.S. 817 at 824 H6 S.Ct 1491
15. (1977). The right to meaningful Access does not exist in
16. "Abstract Free standing Form" Lewis 518 u.S. at 351. The right
17. is ancillary to an underlying claim without which Plaintiff
18. Cannot have suffered injury by being Shut out of court.
19. To Put it differently No harm No Foul. The requirement
20. that a Plaintiff have suffered an actual injury is
21. Jurisdictional and cannot Be waived. (Lewis 518 US at
22. 349). In Bounds the court held that "A Prison inmate
23. has a constitutional right of Access to the courts to
24. Assert such Procedural and substantive rights as may
25. be Available to him under State and Federal Law (see
26. Bounds 430 us. at 833). In the case At Bar, Plaintiff
27. is Blocked From redress by an Arbitrary

Page 4

State Statute. (NRS 41A.071). No Doubt this statute is in effect to curb vexatious and meritless litigation. Certainly important. However, should this Court allow Plaintiff to proceede with the requisite Affidavit, The States Goals are still Achieved, By the Applicable PLRA, which requires the Judge, an expert in the Law, to dismiss meritless vexations and meritless cases. See 28 USC § 1915(A). To allow a tortfeasor immunity from suit due to his victims inability to pay a medical provider for an Affidavit is not fair. Pro-se-incarcerated-IFP Litigants are NOT on the same grounds as Free world Litigants. They dont have access to the money needed to obtain the Affidavits. Actually Plaintiff need not explicate the disperities between a incarcerated vs- Free world Litigant, As the court is surely cognizant. Judicial restraint and caution is Absolutely necessary When it comes to voiding a State statute, When a statute is so clearly unconstitutional it is the within the courts discretion to name the offending statute voidable. One of the only sources for accountability is the Civil Justice system. If there is no Accountability then no one is safe. Any unnecessary limits on access to Accountability through the courts Leaves every American at Risk.

Page 5

Finally Plaintiff has shown an underlying claim, Namely A well pled Prima Facie medical malpractice claim(s), Plaintiff has shown an unconstitutional bar to access the cart, and the injury sustained is the Dismissal of Meritorous claims, which ought to be Adjudicated upon there merits in accord with the 7th Amendment to the U.S. Constitution.

### B. Count 1&3 "FAC" As it Applies to evolving Standards of Decency Doctrine.

In Count 1&3 of Plaintiffs "FAC" Plaintiff Alleges "Sexual Harrassment; verbal abuse, Psychological abuse, A violation of the 8th Amendment to the U.S. constitution. (See Plaintiff "FAC" on File, Page 6-N.).
The Constitution is not a stagy stale document. The Constitution evolves through Judicial interpetation as our Society evolves. (Compare Plessy-v-Ferguson 163 U.S 537 [1896] to Brown -v- Board of education of topeka 347 U.S. 483 [1954]; Scott-v-Sandford 60 U.S. 393 [1857] to the 13th & 14th Amend; more recently Austin-v-Terhune 367 F.3d 1167 9th cir. 2004 to Wood-v-Beauclair-692 F.3d 1041 9th cir 2012.).
In Fact the Supreme Court of the united States Aptly observed over 40 Years Ago:
"The eighth Amendment embodies broad and idealistic concepts of dignity, civilized Standards humanity and decency--- - Thus we have held repugnant to the

Page 6

to the eighth amendment punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society." (estelle-v-Gamble 429 U.S. 97 at 259 97 S.Ct. 285 [1976]). In ~~Sartong v. Guerrez~~ oltarzewski-v-Ruggiero 830 F.2d 136, 139 9th cir (1987), it was held that Verbal harrassment is not sufficient to state a claim). And in 2004 sexual harrassment was held not Actionable under A §1983 claim. But the 9th cir. in 2012 Found that standards of decency had evolved, that sexual harrassment in fact violated the 8th Amendments proscription on cruel and unusual punishment, primarily because there is no concievable legitimat penalogical interest served in sexually harrassing prisoners. Now 30 years after oltarzewski, Plaintiff contends that evolving standards of decency Now Prohibit the unnecessary verbal and psychological abuse of Prisoners, as the combination are toxic to the human spirit. There is No legitimate penalogical interest served. In fact the "NDOC" recognizes this in Administrative regulation 339 which specifically Prohibits sexual and verbal abuse. In Howard-v-Cennett case No: 2:11-cv-01402-APG-GWF 2014 U.S. Dist Lexis 19231 His honor stated "The eighth Amendment Prohibits officials from inflicting cruel and unusual punishment upon prison inmates; The key inquiry is not the nature of the inmates injury, But the reason for inflicting that injury. The courts deference to prison

Page 7

1. Administrators _____ does not insulate from
2. review Actions taken in BAd Faith" pg 14.
3. There of course will be times where aggressive
4. verbal commands are necessary to restore order, or
5. for prophylactic purposes, But those are not the
6. instances Plaintiff has filed suit over. Instead
7. Plaintiff has provided DAte, times and locations where
8. Sexually derisive comments have been made, threats,
9. Attempts by Senior officers to escalate situations into
10. Combat, and the ongoing systematic Psychological
11. Abuse of Plaintiff, which is a combination of verbal
12. and Physical Micro-aggressions directed at Plaintiff
13. exacerbating his Anxiety disorder/Attacks and
14. Night terrors. There is a fundamental Principal in
15. our society, Law enforcement officers are held to
16. a higher ethical standard than the Average citizen. If a
17. Prisoner at "HDSP" were to sexually harrass, verbally or
18. psychologically Abuse an officer, the following would ensue;
19. First the offending prisoner would be beat to a pulp, then
20. his personal property would be destroyed, then he would
21. be put in solitary with A write, Plaintiff has seen
22. Just that. So Prisoners are held to A higher ethical
23. Standard than the peace officers. Prisoners do not
24. get alot of sympathy from society, but it is not
25. Sympathy Plaintiff is asking for it is humanity,
26. decency that mark a mature society. The
27. verbal and psychological abuse, are precursors to
28.

Page 8

1. Physical and sexual Abuse. And, at Least us
2. it pertains to this case there is No Legitimate penulogical
3. Purpose served. In fact it is counter-productive to
4. the public interest. The "NDOC" is creating mean and
5. Angry people and then releasing them on the community.
6. Drug Addicts, Property offenders (who enter "NDOC") who
7. have No violent history are subject to ongoing Abuse
8. by these officers. Not only does this Prevent the rehabilitation
9. of errant behavior, it encourages and promotes a
10. hostile living environment and violence. Just recently
11. officers shot and killed (and maimed Another prisoner)
12. a Prisoner in Full restraints. Therefore Plaintiff has
13. Ø Standing because this behavior presents an iminent
14. (not hypothetical or conjectural) threat to Plaintiff Physical
15. Safety. ~~so~~ Eventually a officer is going to go to
16. far and Plaintiff' very Life may be in peril. The
17. Key inquiry is (As this Court suggested in Howard)
18. "the reason for inflicting that injury", what is the
19. reason for the systemic verbal/psychological Abuse?
20. Plaintiff puts forth that it is saddistic and malicous.
21. Plaintiff is not asking for an adjudication of the merits,
22. Just that this Court Allow Count 16 to survive
23. Screening, So Plaintiff Can Flesh out during the
24. discovery process the extent of the Problem, So
25. Plaintiff ~~can~~ can Present evidence that the conduct
26. Complained of, is no longer the price prisoners pay as
27. a part of there incerceration
28.

Page 9

1  Prisoners are sent to Prison As a punishment
2  NOT to be Punished and tortured. (and to
3  rehabilitate, Deter crime, and Protect society of course).
4
5  V. Conclusion
6  Therefore, Plaintiff respectfully requests the court Allow
7  Plaintiff "FAC" counts 2, 4, 13, 18 survive the 28 USC
8  Section 1915(A) Screening. The Defendants can always File
9  a demurrer/Plea in abatement/Rule (FRCP) 56 motion. Plaintiff
10 has served the defendants a copy of this motion even
11 though they have not yet been served, Just to be fair.
12                                          Respectfully,
13                                          Jesse Ross
14 I Jesse Ross Declare under penalty of perjury, the foregoing
15 is true and correct to the Best of my Personal Knowledge
16 Per 28 USC § 1746  NRS 53.045
17 09-29-17                                  Jesse Ross
18 Signed At Clark county N.V.               Jesse Ross
19
20 I served A true and correct copy to the Defendants through
21 Intra-departmental mail at "HDSP" Addressed to the
22 Defendants, By depositing A copy in the institutional mail
23 reception in Unit 11-C-2 on 09-30-17.
24 Signed on 9-30-17                         Jesse Ross
25 at Clark county NV.                       Jesse Ross #1095756
26                                           HDSP P.O.Box 650
27                                           Indian Springs NV. 89070
28                        Page 10

Jesse Ross
HDSP #1095756
P.O. Box 650
Indian Springs
NV 89070

Ross -v- Sandoval, et al.,
Case No. 2:17-cv-02386-APG-GWF

Clerk
USDC - D. Nev
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd S.O. - Rm 1334
Las Vegas NV 89101