1  Jesse Ross #1095756
2  HDSP. P.O. Box 650
3  Indian Springs NV. 89070
4
5  UNITED STATES DISTRICT COURT
6  DISTRICT OF NEVADA
7  ★   ★   ★

| | |
|---|---|
| 8  JESSE ARON ROSS, | Case NO: |
| 9       Plaintiff, | 2:17-cv-02386-APG-GWF |
| 10 -VS- | |
| 11 BRIAN SANDOVAL et al., | ★Plaintiff's Legal Brief in |
| 12      Defendants. | support of "SAC". |

13
14
15
16  Comes now above named plaintiff, appearing pro-
17  se, to respectfully request the court consider
18  the following Legal Brief in support of plaintiff's
19  Second Amended Complaint ("SAC").
20
21
22
23
24
25
26
27
28

Page 1 of 6

| # | Table of Authorities | First cited on page # |
|---|---|---|
| 1 | | |
| 2 | (1) Johnson-v-Duffy 588 F.2d 740 9th Cir 1978 | 2 |
| 3 | (2) Colwell-v-Bannister 763 F.3d 1060 9th Cir 2014 | 3 |
| 4 | (3) Hartman-v-Cal. Dept. off Curr. & Rehab. 707 F.3d 1114 9th Cir 2013 | 3 |
| 5 | (4) Webb-v-Sloan 330 F.3d 1158 9th Cir 2003 | 3 |
| 6 | (5) Canton-v-Harris 489 U.S. 378, 109 S.Ct. 1197 (1988) | 3 |
| 7 | (6) Wilkenson-v-Austin 545 U.S. 209 125 S.Ct. 2384 (2005) | 5 |
| 8 | (7) Toussaint-v-McCarthy 801 F.2d 1080 9th Cir. 1986 | 4 |
| 9 | (8) Spain-v-Procunier 600 F.2d 189 9th Cir. 1979 | 4 |
| 10 | (9) Hearns-v-Terhune 413 F.3d 1036 9th Cir. 2005 | 4 |
| 11 | (10) Keenan-v-Hall 83 F.3d 1083 9th Cir 1996 | 4 |
| 12 | (11) Neal-v-Shimoda 131 F.3d 818 9th Cir 1997 | 5 |
| 13 | (12) Sandin-v-Conner 515 U.S. 472, 115 S.Ct 2293 (1995) | 5 |
| 14 | (13) Brown-v-Or. Dept. of Corr. 751 F.3d 983 9th Cir 2014 | 5 |
| 15 | (14) Battle-v-Anderson 564 F.2d 388 10th Cir (1979) | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Section 1 Suits against supervisory staff for Injunctive relief.

A person subjects another to the deprivation of a constitutional right within the meaning of section 1983, if the official doese an affirmative act, participates in anothers acts OR omits to preform an act which he is Legally required to do, causes the depravation of which complaint is made, The requisite causal connection can be established not only by some kind of direct personel participation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would caus others to inflict the injury, omission to act in violation of the duties imposed --- by a statute -- thus may subject the official to Liability under 1983 (see Johnson-v-Duffy 588 F.2d 740, at 743, 44 9th cir 1978).
However, The 9th cir Held in 2014 and 2013 That:
    Policy makers such as a corrections Director or Warden are proper defendants in a § 1983 case because Plaintiff seeking injunctive relief against the state is NOT required to allege a named officials personal involvement in the acts or omissions amounting to the constitutional violations, Rather Plaintiff need only identify the Law or policy

challenged as a constitutional violation, and name the official within the entity who can appropriately respond to injunctive relief. (See Colwell-v-Bannister 763 F.3d 1060 @1071 9th cir. 2014, and Hartmann-v- Cal. Dept. of Corr. & Rehab. 707 F.3d 1114 @ 1127 9th cir 2013;)

Defendants Laxalt, Sandoval, Dzurenda, Aranas, Williams are senior supervisory policymakers, therefore proper defendants.

Plaintiff is challenging policies, customs and practices as unconstitutional, as they are longstanding and pervasive. Webb-v-Sloan 330 F.3d 1158 @ 1166 9th cir. 2003) -

Section 2. Suits Against Supervisory Officials For Failing to train.

In Canton the U.S. Supreme court held that a failure to train police officers may serve as the basis for liability under §1983, where failure to train amounts to deliberate indifference to the rights of of persons whom the police come into contact with. See Canton-v-Harris 489 U.S. 378, 109 SCt 1197 (1988)

Section 3 State created statutes & Policies that give rise to a Liberty interest requiring due process.

In Count 8 of the "SAC" plaintiff Alleges that A Prison policy (OP 717) has the need For due Process before the state may deprive him of the privelages/rights the policy gives Plaintiff. OP 717 gives Plaintiff [his constitutionally guaranteed right,] to Access to the Prison yard For Four hours per week "SAC" pg 6-L. The supreme court and the 9th circuit have defined Both the definition of The Liberty interest and the process due required For Plaintiff's claim.

First Plaintiff believes he has a protected Liberty interest in Access to yard. (Toussaint-v-mccarthy 597.F.Supp 1388, 1402, [N.D. CA 1984] - 801 F.2d 1080 [9th cir 1986]; Spain-v-Procunier 600 F.2d 189, [9th cir 1979] Hernes-v-Terhune 413 F.3d 1036 [9th cir. 2005] Keenan-v-Hall 83 F.3d 1083 9th cir 1996.

However In Arguendo even if These cases dont create the Liberty interest, Then The excessively Harsh Atypical conditions at HDSP so excede the expected sentence That they Alone do.

The Due process clause of the 14th Amendment Prohibit states from depriving individuals of Life Liberty or property without due process of Law.

1  To invoke the due Processes Procedural
2  Protections, A plaintiff must First Identify the
3  protected Liberty interest that is at stake.
4  Wilkinson-v-Austin 545 U.S. 209 @ 221, 125 S.Ct
5  2384 [2005]. Liberty interests may Arise from the
6  Constitution or from expectation created by
7  State statutes and Prison regulations. ID.;
8  Neal-v-Shimoda 131 F.3d 818 @ 827 [9th cir. 1997].
9
10  In the Prison setting, A Liberty interest arise from
11  the Constitution when the conditions of confinement
12  exceeds the sentence in such an unexpected
13  manner as to give rise to praection by the Due
14  Process clAus of its own force ~~(somthing)~~
15  (see Sandin-v-Conner 515 U.S. 472 @ 485 115.
16  S.ct 2293 [1995]). Courts Analyze Procedural
17  Due Process claim in two Prongs (1) The court must
18  determine whether the plaintiff possessed A Protected
19  Liberty interest (2) Then the court compares the
20  required Level of Process with the procedures
21  the Defendant(s) observed. Brown-v- OR. Dept.
22  of. Corr. 751 F.3d 983 @ 987 [9th cir 2014]
23  In count 8 "SAC" Plaintiff believes he has met
24  the Pleading Standard.
25  Section 4   Humane treatment of offenders.
26  In Battle-v-Anderson 564 F.2d 388 10th cir
27         The court noted that the 8th Amendment
28  1974

Page 5 of 6

1. is intended to Protect inmates from an
2. enviroment where degeneration is Probable and
3. Self-improvement unlikely because of the
4. Conditions existing which inflict Needless
5. suffering either physical or mental.
6. For these Reasons Count 13 IIED should
7. Proceede.
8.
9. Respectfully Submitted.
10.                                            Jesse Ross
11.
12. I declare under penalty of perjury the Foregoing
13. is true & correct to the Best of my personal
14. Knowledge   NRS 53.045  28 USC section
15. 1746
16.                                       Jesse Ross
17.                                       Jesse Ross #1095788
18.                                       HDSP POB 650
19.                                       Indian Springs NV.
20.                                       89070
21.
22.
23.
24.
25.
26.
27.
28.

Page 6 of 6