Jesse Ross #1095756
HDSP-P.O. Box 650
Indian Springs N.V. 89070

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jesse Aron Ross,
    Plaintiff
-VS-
BRIAN SANDOVAL et al.,
    Defendants.

CASE NO:
2:17-CV-02386-APG-GWF

* Motion for Sanctions directed at Jared M. Frost Per Fed. R. Civ. P. Rule #11

Comes Now above named Plaintiff appearing Pro-se, To Respectfully move this Court to sanction Defense counsel for making written misrepresentation of facts in written Pleadings. This motion is based upon the papers and Pleadings on file, The Attached memo of Points and Authorities, and any oral arguement permitted at the hearing of this matter.

Certificate of Service Attached
Table of Contents on Page 1-A

# Table of contents

| | Found on Page(s) |
|---|---|
| I. Preliminary statement | 2 |
| II. Table of Authorities | 2 |
| III. Procedural history | 3, 4 |
| IV. Legal Standard | 3, 4 |
| V. Legal Argument | 4, 5, 6 |
| VI. Conclusion | 6, 7, 8 |

# Memorandum of Points and Authorities

## I. Preliminary Statement

Jared M. Frost (hereinafter "Frost"), Defense counsel in this case made misrepresentations of Facts to this, on 12-11-17, in a pleading entitled "Defendants opposition To Plantiff's motion for Preliminary injunction" (hereinafter "Def. opposition") either intentionally or Negligently, said prevarications increasing the cost to Plaintiff in relation to this Litigation. These misrepresentations are rebutted by "Frost" own pleadings. Plaintiff requests This Court sanction "Frost" (see conclusion) and Award Plaintiff reasonable costs for paper, pen, postage, and 8 hours Pro RAtA as Plaintiff is as of 11-7-17 A certified paralegal from Blackstone a National Accredited institution.

## II. Table of Authorities

(A). Federal Rules of civil Procedure; Rule 11

## III Procedural history

(A). On 9-25-17 Plaintiff filed A First Amended complaint

(B) On 11-6-17 Plaintiff filed A motion for Preliminy injunction

(C) On 12-4-17 This court ordered the N.V.-Attorney generals office to respond within 7 days.

(D) On 12-11-17, "Frost" entered a Notice of Appearance and "Def. opposition"

(E) On 12-20-17 Plaintiff Filed in response to "Def opposition" (1) Plaintiffs written objections (2) Plaintiff Jesse Ross Affidavit #1 and (3) "Plaintiff's reply To; defendants

1. Opposition To; Plaintiff's Motion for Preliminary
2. Injunction".
3. (F) On 1-5-18 The court calender the motion for Preliminary
4. injunction for 1-31-18
5. (G) On 1-19-18 Plaintiff filed a motion to
6. subpeona 2 witness/Defendants
7. (H) On 1-22-18 The court granted the subpeonas,
8. and ordered defendants Dr. Sanders and Dr Aranas
9. to appear on 1-31-18 (which Dr. Sanders did Not).
10. (I) On 1-31-18 The court held A evidentiary hearing.
11. (J) ON 2-1-18 Plaintiff Attempted to informally
12. resolve The controversy surrounding this motion for
13. Sanction, in writing with "Frost", who has to date
14. completely ignored Plaintiff's Letter.
15.
16. IV Legal Standard
17. Federal Rules of Civil Procedure ("FRCP") rule
18. 11(b) States: "By Presenting to the court a pleading,
19. written motion, or other paper - whether by signing, filing,
20. submitting, or Later Advocating it - An Attorney or
21. unrepresented party certifies that to the Best of the persons
22. knowledge, information and Belief, formed After an
23. inquiry reasonable under the circumstances:
24. (FRCP 11(B)(1)) it is not being Presented for any improper
25. ~~reason~~ purpose, such As to harass, cause unnecessary
26. delay, or Needlessly increase the cost of litigation,
27. and (FRCP 11-(B)(3)) The Factual contentions
28. have evidentiary support or, if specifically so Identified

Page 3 of 8

1. will likely have evidentiary support after a
2. reasonable opportunity for further investigation or
3. discovery."
4. FRCP 11(c)(2) ("sanctions") state: A motion for
5. sanctions must be made seperately from any other motion
6. and must ~~specifically~~ describe the specific conduct
7. that allegedly violates rule 11(b). The motion must be
8. served under Rule 5, _ _ _ _ _ _ _ If warranted
9. the Court may Award the prevailing party the reasonable
10. expenses, including Attorney's fees, incurred in the
11. motion." FRCP Rule 11(c)(4) states "Nature of
12. a sanction. A sanction under this rule must be Limited
13. to What suffices to deter repitition of the conduct or
14. Comparable conduct by other's similarly situated. The
15. sanction may include NoN-monetary directives, an
16. ~~po~~ order to pay A Penalty to the Court; or if imposed
17. on motion and warrented for effective deterrence, an
18. order directing payment to the movant of ~~All or~~ part
19. or all reasonable Attorneys fee's and other expenses
20. directly resulting from the violation.
21. ~~I~~. Legal Arguement.
22. "Frost" A Senior Deputy Attorney general represents
23. the state, The state being the highest Legal (and
24. Arguably) moral Authority in our society ought
25. to be held to the Strict standards of the Rule
26. of Law, and when the state Breaks the Rules,
27. it ought to be held strictly Accountable.
28. On 12-11-17 "Frost" submitted A signed

1 Pleading to this court (ECF No. 12) titled "Defendants
2 opposition to Plaintiff's motion for preliminary injunction"
3 (Herein After "Def. opposition"). "Frost" submitted 7
4 Exibits in support of his opposition (see Def. opposition
5 pg 6 Lines 2-8). ~~GA~~ in section 5 (page 4 of
6 7, Lines 20, 21 - of "Def. opposition") "Frost"
7 States "<u>Plaintiff's immendiate dental needs have been
8 Addressed and his preliminary injunction should be
9 denied</u>". This is A Gross-misrepresentation to the
10 court.
11    Heres why.
12 "Frost" states: "However, plaintiff asserts that as
13 of November 1 2017, he had not been seen by a
14 dental provider and that he has 7 to 10 cavities"---
15 (see "Def. opposition" page 3 Lines 9, 10, 14).
16 "Frost" Acknowledge that Plaintiff has multiple
17 Cavities, and Acknowledges that Dr. Sanders
18 only treated one tooth (CF Def. opposition
19 pg 3 Lines 9, 10, 11 to pg 4 Lines 12-17).
20 Also see Def opposition EX 5 "Plaintiff's NDOC Dental
21 Chart.", which is Not A Complete document, the court
22 ordered Frost on 1-31-18 to submit the entire record,
23 No doubt witheld to minimize plaintiff serious dental
24 Needs.
25    Next, "Frost" stated: "Defendants stand ready
26 and willing to provide necessary dental care in
27 accordance with prison policies and practices and the
28 Court should therefore deny Plaintiff's motion
                    PAGE 5 of 6

1  for the extraordinary remedy of injunctive relief"
2  (see Def. Opposition pg 5 Lines 1-3), also
3  see (Def. Opposition page 5 Lines 4-9) for
4  "Frost" signature. Todays date is 2-18-18,
5  and Plaintiff still has not recieved full Dental
6  care, so the factual reality is that the
7  defendants do Not stand ready and willing
8  to Provide Necessary Dental care As
9  "Frost" stated in Def. Opposition pg 5 lines
10 1-3. These false statements made by Frost
11 were objected to by Plaintiff Formally
12 (see Plaintiff's written objections #1, [filed
13 with this court on 12-20-17] objection #2 page
14 2 Lines 10-22, and objection #3 pg 2 Lines 23-28,
15 pg 3 Lines 3-25) And "Frost" failed to
16 respond to said objections; Failure to rebutt
17 the objections constitutes Admission that
18 objections are meritorious, and ought to be sustained.
19 VI. Conclusion
20 The misrepresentations made to this court, by "Frost"
21 were made to Attempt to get this court to deny
22 Plaintiff's motion to get the minimal dental care that
23 Plaintiff ought to have Access to. The misrepresentations
24 have No Arguable Basis in the Facts. These
25 Prevarications were Presented to this court in
26 an Attempt by the State to "Cause unnecessary
27 delay, and Needlessly increase the cost of Litigation for the
28 Plaintiff (see FRCP Rule 11 (b)(1)), & 11(b)(3)).

PAGE 6 OF 6

1. "FRCP" Rule 11 creates an Affirmative duty on
2. "Frost" to conduct due dilligence and ensure
3. that all representations made to this court are
4. Factually Accurate. "Frost" Failed, causing
5. Plaintiff to expend time and very scaree financial
6. resources (see ECF No. 6 Plaintiff' IFP), and
7. misled this court. There was a good faith attempt to
8. resolve this controversy with Frost on 2-1-18, which
9. he has completely ignored. Therefore Plaintiff
10. Requests the Following Sanctions:
11. <u>Sanction①</u> $3,000 to be paid into the court per
12. FRCP 11(c)(4).
13. <u>Sanction②</u> Actual costs to Plaintiff as Follows,
14. "Plaintiff Jesse Ross Affidavit #1" 15 pages $1.50;
15. Plaintiff's Reply 21 pages $2.10; Plaintiff's written
16. objections 9 pages $.90; Motion for sanctions
17. 24 pages $2.40; Letter for informal resolution
18. 2 pages $.20, each Document require triplication,
19. one copy to court one to opposition, one to
20. retain, And that postage of $12.00 be awarded,
21. For A total of $19.10 in Actual cost be Awarded
22. Per FRCP 11(c)(2) $(4).
23. <u>Sanction③</u> Plaintiff Request Fees Also
24. be Awarded For Actual time expended For expenditure
25. of this motion 3 hours per FRCP 11(c)(2) and
26. time expended directly resulting from the violation
27. 5 hours FRCP Rule 11(c)(4), Although Plaintiff
28. is Not A Liscenced Attorney, Plaintiff is an

Certified paralegal, from Blackstone (Blackstone.edu), A Nationally Accredited institution, graduateing with Honors from A 2 year 4 month 915 clock hours course, (graduated on 11-7-2017.) Therefore Plaintiff believes 8 hours X $30.00 hr. is reasonable, for A total of $240.00 For time expenditures. Plaintiff Requests the Court order Frost to pay $3000 to the court, and A Grand total of $259.10 in expenses to Plaintiff Forthwith, if "Frost" withdraws or corrects said misrepresentations, that the court entere A sanction For ½ of the above requested sanctions.

       Respectfully submitted

I Jesse Aron Ross Declare  *Jesse F Ross* under penalty of perjury under the Laws of the United States of America (Per 28 USC §1746) That the foregoing is true and correct to the Best of my personel Knowledge.

Signed on 2-18-18  
Clark County Nevada

X *Jesse F Ross*  
Jesse Ross #1095756  
HDSP P.O. Box 650  
Indian Springs  
N.V. 89070

PAge 8 of 8

## PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, Jesse Aron Russ, declare:

I am over 18 years of age and a party to this action. I am a resident of High Desert State Prison, in the county of Clark, Nevada,

My prison address is: P.O. Box 650 Indian Springs NV. 89070

On 2-19-18 (DATE),

I served the attached: Motion for Sanctions directed at Jared M. Frost Per Fed.R.Civ.P Rule #11 (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

Jared M. Frost - NAG- NV-AGO
555 East Washington Ave #3900 Las Vegas NV. 89101

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on 2-19-18 (DATE)

(DECLARANT'S SIGNATURE) Jesse F Russ

K:\COMMON\CSA\FORMS\P_PRFSVC.WPD August 21, 2000 (2:11pm)

Jesse Aron Ross
1095756
High Desert State Prison
PO Box 650
Indian Springs, NV 89070-0650

Legal mail

3768

LAS VEGAS NV 890
22 FEB '18
PM 3 L

Hasler
06/69/22/7 $010.68

Clerk
U.S. District Court, District of Nevada
Lloyd D. George U.S. Courthouse
333 Las Vegas blv. So. Rm 1334
Las Vegas NV. 89101