FILED ___
ENTERED ___   RECEIVED ___
            SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 2 3 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

1  Jesse Aron Ross #1095756
2  HDSP P.O. Box 650
3  Indian Springs NV 89070
4
5        UNITED STATES DISTRICT COURT
6            DISTRICT OF NEVADA
7
8  Jesse Aron Ross,           | CASE No:
9        Plaintiff,           | 2:17-CV-02386-APG-GWF
10 -vs-                       |
11 Brian Sandoval etal.,      | * Motion For court order
12        Defendants.         | Allowing Plaintiff to have medical
13                            | records in relation to this action
14
15
16 Comes Now above named Plaintiff, appearing,
17 Pro-se & incarcerated; To Respectfully request a
18 Court order (in accordance with prison policies) Allowing
19 Plaintiff to retain medical records directly related to this
20 Action. This motion is based upon is based upon Exhibit
21 "A", The papers and pleadings on file, the Attached
22 Memorandum of points and Authorities, and any
23 oral Argument permitted.
24
25        Certificate of service Attached
26
27
28              Page 1 of 5

1   Memorandum of Points and Authorities
2
3   I. Summary of the Arguement.
4   The Defendents Filed A supplemental Exhibit on
5   2-2-18, Plaintiff's Dental Chart EX.10, But witheld
6   the same from plaintiff as Prison policies prevent
7   Plaintiff from possessing Any medical records.
8   As plaintiff will show, The Prison has a policy
9   Prohibiting Plaintiff from Possessing his medical
10  records UNless, Plaintiff is "Personally involved
11  in a Lawsuit directly involving medical issues"
12  and has a court order. see. Nevada department of
13  Corrections ("NDOC") Administrative Regulation ("AR")
14  639.02(3), 639.03(1) Attached As exhibit "A"
15  pages 2 & 4.
16  II Table of Authorities
17  (A) NDOC - AR - 639
18  (B) FRCP 5
19  III. Relevant Procedural history
20  (A) Plaintiff Filed the second Amended complaint ("SAC")
21  on 1-8-2018
22  (B) On 1-31-18 A evidentiary hearing was held in
23  relation to Plaintiff's Motion For preliminary
24  Injunction
25  (C) On 2-2-18 The Defendents Filed A supplemental
26  Exhibit #10 [Plaintiff's] Dental chart, at the
27  direction of the magistrate.
28                    Page 2 of 5

IV. Questions Presented.

(1) SHould Plaintiff be allowed to possess his own medical records, directly related to this Action.

(2) Would Not being able to retain these records interfere with with the Plaintiffs ability to Litigate?

V. STAtement of FActs.

Plaintiff has Filed this CAus of Action, Alleging Varius State LAw/ Constitutional LAW torts, against Prison officials, which invulve medical, Dental, vision, and mental health issues. The defendents are refusing to allow plaintiff to have Copies of exhibits submitted to the court if they are plaintiff's medical records.

VI. Legal arguement

Plaintiff Requests this court enter an order, Allowing Plaintiff to have in his possession, at the prisons, Copies of his medical records, As Not being able to have them would hamstring Plaintiff. Including through the discovery process. Fed. R. Civ. P Rule 5 (A)(1) (D) ‡ E requires A party making a Court Filing to Serve on the opposing party any such Filing. NDOC-AR 639.03 (1), Prohibits An inmate From possessing any Portion

1  of the inmates own medical record, unless the inmate
2  meets certain criteria. (see EX "A" page 4 - NDoc
3  AR 639.03 (1). This criteria is met by the
4  Plaintiff. First Plaintiff is pro-se, and is involved
5  in Active Litigation directly involving medical issues(
6  Plaintiff hereafter Refers to medical, Dental, vision care
7  generically As "medical"). So According to the NDoc-
8  -AR 639.02(8) EX. "A" pg 3 Plaintiff is eligible to
9  have copies of his medical records in his possession.
10  Second the policy requires the court enter an order
11  Allowing Plaintiff to possess the records. see NDoc-AR
12  639.03(1) EX "A" page 4). Otherwise the prison will
13  have to designate A Staff member to check out
14  the records, then escort Plaintiff to Law Library to
15  Copy the records, then escort Plaintiff to the mail room
16  to mail any pleadings with medical records. This would have
17  to be done each time Plaintiff needed to research
18  medical issues & File Pleadings. Given the staff
19  Shortage this would be very difficult. Furthermore,
20  if at any stage the state has a reason why any
21  Particular record should be withheld for security
22  reasons, the state could simply withhold said
23  record, giving cause, and then the court could make
24  A determination. Plaintiff is Not Asking For
25  Free copy work, All records would come
26  the s/ DAG Frost through the normal
27  Course of Litigation & discovery.
28                    Page 4 of 5

VII. Conclusion

Plaintiff therefore respectfully requests

(1) The court enter a standing order, Allowing Plaintiff to possess his medical records, for the Limited purpose of this Litigation; In Accord with Prison Policies (AR 639.03 (1) EX "A" pg 4) and

(2) That the court direct the Ago, Mr. Frost to disclose EX 10 of his supplemental pleas EXhibits,

(3) Allowing that Should A particular record present A safety/security issue, which is Articulable, the Ago, may withold the Same until the court Rules otherwise.

This strikes a reasonable balance.

Respectfully

Jesse Ross

Jesse A. Ross

#1095756

Page 5 of 5

# EXHIBIT A

# EXHIBIT A



# NEVADA DEPARTMENT OF CORRECTIONS
## ADMINISTRATIVE REGULATION
### 639

## MEDICAL RECORDS

**Supersedes:** AR 639 (01/05/12); and AR 639 (Temporary, 05/06/14); 09/16/14
**Effective date:** 07/24/17, Temporary

**AUTHORITY:** NRS 49.265; 209.131; 458.055; 629.051; 629.061

### RESPONSIBILITY

The Director has the overall responsibility for this administrative regulation.

The Director of the Medical Division has the responsibility to implement this regulation.

The Directors of Nursing have the responsibility to ensure that all staff within the Medical Division have knowledge of and comply with this regulation.

All medical records initiated by a practitioner operating within an institution must comply with this regulation.

### 639.01   MEDICAL RECORDS

1. The Nevada Department of Corrections (NDOC) maintains medical, dental, and mental health records for each inmate throughout the period of incarceration.

2. Medical records are initiated during the intake process.

3. The record will  be standardized and uniform throughout the Department.

4. All original medical, dental, mental health care and substance abuse treatment data will be maintained in the medical record.

5. The record shall include documentation of all health related service provided to the inmate, both on-site and offsite

6. Copies of the medical record shall be kept in the outpatient mental-health services to facilitate mental health care.

7. Practitioners responsible for conservation camps and transition centers will document medical information on any treatment received by inmates under their care.  Physicians, Physician Assistants, or Advanced Practitioners of Nursing are considered to be practitioners.

8.  Medical records or portions of medical records will not be destroyed, deleted or expunged.  If a mistake is made in a notation, the correction will be noted, dated and initialed by the medical person making the correction.

9.  The Directors of Nursing will provide On-The-Job Training for all medical staff to ensure that medical personnel are trained on how to make entries to the medical records and that staff are trained on HIPAA requirements and medical records confidentiality.

10.  A staff person designated by the Director of the Medical Division will review departmental training to ensure that all NDOC personnel are trained on the requirements of HIPAA and inmate medical records privacy requirements.

11.  The Director of Nursing or designee will provide only medically necessary information to correctional staff, regarding contagious or infectious diseases from the inmate's medical record, when an inmate has to be escorted, transported, guarded or restrained for the purposes of ensuring that correctional staff are taking the appropriate universal precautions whether the issue is an air-borne, blood or saliva contagion.  The information will not include specific diseases but only the precautions necessary.

12.  The Director of Nursing or designee will provide enough information to correctional staff from the inmate's medical record when the information is necessary for the taking or providing or medication to the inmate during escort, guarding or transporting.

## 639.02   CONFIDENTIALITY OF MEDICAL RECORDS

1.  Medical records will be maintained in secure files and will only be handled by authorized medical division staff and the following persons, on a need to know basis as authorized by the Medical Director:

    A.  Director

    B.  Deputy Directors

    C.  Wardens

    D.  Associate Wardens

    E.  Attorney General staff

    F.  Other staff as authorized by the Director or Medical Director.

    G.  If medical records are transported from one facility to another, the medical records will be labeled confidential and sealed, so that they are not accessible by unauthorized personnel to include inmate clerks.

2. Inmates are only allowed access to their own medical file and will not be allowed access to any other inmate's medical file.

3. Medical information, such as progress notes, laboratory and radiology results, and other pertinent information, should be made available to authorized staff and practitioners in the Department.

4. Medical information should be released to outside healthcare providers only with written authorization (Form DOC 2548 Consent – Release of Medical Information) from the inmate, except for pertinent copies of the inmate medical records sent for approved outside consultations at the request of institutional physicians, or as required by law.

    A. Original medical records should not leave the possession of department staff at any time. If consulting physicians need to maintain a medical record, copies should be made and the original record will be retained at the institution.

    B. A notation will be made in the medical file that copies were made, which agency or outside provider is the recipient of the copies, the date which the copies were made and the reason the copies were made a copy of the court order will be maintained with the medical record.

5. Where required by law, appropriate public health agencies will be notified of reportable diseases.

6. Inmate's attorneys may obtain a copy of the medical records with the written request and authorization by the inmate.

7. Inmates are not constitutionally entitled to free copy work. Inmates may request limited copies of medical records for legal purposes by submitting a brass slip for the cost of the copies requested.

    A. In order to receive the requested copies, inmates must have sufficient funds in their individual account in the Prisoners Personal Property Fund (PPF) to cover the cost of the requested copies.

    B. Copies should be charged to the requesting attorney or inmate at the rate set by NRS 629.061.

    C. Indigent inmates will be provided with copies.

8. Copies of the health record shall not be released directly to the inmate while incarcerated. Exception to this release shall be made only when an inmate is personally involved in a lawsuit directly involving medical issues that would require the use of his/her medical records, as verified by the Office of the Attorney General.

9. Original medical records should not be sent to outside agencies unless ordered by the court.

A.  In the event original records are ordered in cases of litigation, they should be hand delivered by authorized Department staff.

10.  All other requests for medical records will be transferred to the Health Information Archives Coordinator.

## 639.03   INMATE REVIEW OF MEDICAL RECORDS

1.      An inmate is prohibited from possessing any portion of their medical file on their person, in their cell or on the yard unless otherwise permitted by a court order.

2.      Inmates may request to review their medical record. The review will occur under the direct supervision of medical staff.

3.      Prior to an inmate's review of their medical record, the record shall be purged of all psychiatric/psychological materials, any materials received from an outside source which NDOC has requested with authorization from the inmate, and any information which may jeopardize the safety of the inmate or institution.

4.      Absent an inmate's personal litigation directly involving these psychiatric/psychological records, the records shall not be reviewed with an inmate without consultation with the treating (or a knowledgeable) psychiatric/psychological professional.  If this consultant believes that the content of the psychological records, or any part thereof, may be counter-therapeutic or detrimental to the inmate's mental health, the records may be withheld pending a court order to release the records.

A.  Except under special circumstances, as determined by the Medical Director, attending practitioner or by court order, an inmate should only be permitted to review their medical records once per calendar year.

a)  Exception to this once annual review, during the course of litigation involving a medical issue of the inmates, the inmate will be allowed additional opportunity to review the medical record.   Upon a request from the inmate to review his medical records for litigation purposes, all efforts will be made to make the records available within 3-5 working days from the date of the request.

b)  The inmate will be given one hour to review the medical record.  If the inmate feels that additional time is needed for the review, the inmate is permitted to:
    i.      Request an additional review.
    ii.     Review the Medical Record at a date and time that is convenient and does not conflict with staff workload priorities.

c)  The inmate will be allowed to make separate notes regarding the information contained in his/her own medical record.

    d)  Inmates are not permitted to remove documents from the medical record.

5.      Any inmate request for review that is denied by the Medical Director or attending practitioner shall be documented in the medical record, stating the reason for the denial.

## 639.04  TRANSFER OF INMATE MEDICAL RECORDS

1. When an inmate is transferred between institutions or facilities, the complete medical, mental health, and dental records will be transferred with the inmate.

    A.  If the medical record cannot be found, a temporary record shall be used until the original is found.

2. All medical information accumulated and not filed shall be filed appropriately in the medical record before it is transferred.  If for unforeseen circumstances this cannot be accomplished the reasons will be documented and placed in the medical record.  *For example; the inmate had to be emergency transferred due to enemy or safety reasons without notice.*

3. Medical record should be reviewed at the receiving institution by the nursing staff for the pertinent information, noting in the progress notes that this review was accomplished.

    A.  Appointments and referrals will be made as indicated.  The relevant documentation will then be given to the Health Information Coordinator for quality control functions.

4. When an inmate is transferred out for treatment for an indefinite period of time, the institutional medical records office shall contact the Health Information Archives Coordinator to obtain pertinent medical records.

5. A copy of the medical record shall be sent to the receiving institution, the original medical record should remain in the medical records archives.

6. When an inmate is released from the Department, his medical records shall be forwarded to the medical records archives to be maintained according to applicable state, federal, and local laws, rules and regulations.

## APPLICABILITY

1. This regulation requires a Medical Directive for the management, format, access, and confidentiality of the health care record.

2. This regulation requires an audit.

Medical Director _____     Date _____

James Dzurenda Director _____     Date _____

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _Jesse A. Ross_____, declare:

I am over 18 years of age and a party to this action.  I am a resident of _High Desert_

_State Prison_____ Prison,

in the county of _Clark_____ , _Nevada_____ ,

My prison address is: _P.O. Box 65_____

On _20 March 2018_____ ,
(DATE)

I served the attached: _Motion for court order Allowing Plaintiff_

_to have medical records in relation to this Action_

_with Exhibit A_                (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined.  The envelope was addressed as follows:

_Jared M. Frost S/ D.AG - N.V. AGO 555 E._

_Washington. Ave #3900 Las Vegas NV 87101_

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on _3-20-18_____
(DATE)

_____
(DECLARANT'S SIGNATURE)

K:\COMMON\CSA\FORMS\P_PRFSVC.WPD August 21, 2000 (2:11pm)



Jesse A. Russ #1045756
HDSP-P.O. Box 650
Indian Springs NV 89070

Ross v. Sundown et al.,
USOC-No.
2:17-cv-02386-f

17102 41

Legal mail

3762

Clerk USDC-D.NEV.
LLOYD D. George U.S court house
333 LAs Vegas bIVd Sc Rm 1339
LAs Vegas NV 89101