Jesse Ross #1095756
HDSP P.O. Box 650
Indian Springs NV, 89070

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JESSE ARON ROSS, | CASE NO: |
| Plaintiff, | 2:17-CV-02386-APG-GWF |
| -VS- | |
| BRIAN SANDOVAL et al., | *Request for Leave to |
| Defendants. | File a Late Reply; |
| | *Plaintiff's Reply to |

Defendants opposition; To Plaintiffs Motion for court order Allowing Plaintiff to Possess medical Records

Comes Now above named Plaintiff, appearing Pro-se to Reply to Defense opposition. This Reply is based upon the paper and pleadings on file, the Reply herein, and any oral argument permitted at the hearing of this matter.

certificate of service Attached.

Page 1

1. Permitted to have they're "PSI" on the Prison
2. Yard. The defendants oppo. is a ploy with a
3. Self-serving Affidavit to impede Plaintiff's
4. ability to Litigate. The NDoc is, 200 employees
5. Short staffed, to think they would be able to
6. Alot staff to timely Access, escort, copy, mail
7. Plaintiff's medical records Attached to pleading
8. is not reasonable. In Fact they are so short
9. staffed they've had to Lock the Prison down
10. 53 times (see "SAC" 6-G-4,5,) and
11. canceled or delayed yard 78 times (See
12. "SAC" Pages 6-G-1,2,3) In the past year.
13.
14. Furthermore The defendants own policy
15. Forsees the Need in the course of
16. Litigation to have A Prisoner-Plaintiff,
17. Possess the records For Litigation. see
18. the Defendants·own Exhibit 1 (in Def.oppo)
19. AR 639 at AR 639.02 (8) pg 3 & AR 639
20. .03 (1) at pg 4 of 6, which states the court
21. May Allow Plaintiff with a court order to possess
22. his own Records. The Defendant Quote
23. @ Turner -v- Safely. But Turner Also States
24. "Prison walls do NOT Form a Barrier seperating
25. Prison inmates From the protections of the constitution
26. (emphasis Added) Turner-v Safely 482 U.S. 78 @
27. 84 (1987)
28.          Page 2

I. Request for Leave to File Late Reply.

On 4-10-18 Plaintiff Recieved "Defendant opposition to Plaintiff's motion for court order Allowing him to possess medical Records in his cell" (Herein After "Def. oppo."). On 4-12-18 Plaintiff was transferred from Level 3 to Level 2 in a Mass offender rehousing. On 4-17-18 Plaintiff went to Law Library to get legal supplies. Due to Lack of paper, envelopes and the Big move Plaintiff was not able to timely reply to Def. oppo, and therefore Respectfully requests the courts permission to File this reply Late.

II. Plaintiff's Reply.

In the Def. OPPO., the defendants state as a Broad Policy matter, that offenders should not be permitted to have they're medical records.

The Affidavit by the Former Director does Not List one specific incident of a Breach of security. Nor do the defendants List any information that may compromise Plaintiff. Plaintiff does Not have any of the diseases Listed, And As to those, they are Listed in a inmates Presentence Investigation Report (PSI), Prepared by the Court, and offenders are

Page 2

1. A Prisoner-Plaintiff faces an uphill battle in
2. civil litigation that ordinary litigants don't. At some
3. point you just give up and abandon the process.
4. Plaintiff is NOT asking for anything a freeworld
5. litigant wouldn't have access to. Plaintiff has not
6. in 8 years of incarceration had anything stolen
7. from him. Furthermore Plaintiff assumes the RISK
8. and if presented with theft or extortion will timely
9. report the incident. Finally should the defendants feel
10. a particular record presents a Articulable
11. Articulatable security concern, they may withold
12. the same pending a Judicial determination. Plaintiff
13. only asks for medical records The defense submits
14. As exhibits, and such records that are discoverable.
15. Plaintiff's Ability to diligently prosecute this Action
16. would be crippled and substantially chilled were the
17. Court not to order the dissemenation of discoverable
18. medical records, and Plaintiff waives Any Liability the
19. defendant have in disclosing these records to
20. Plaintiff. The DAG in Exhibit 3 states the prison warden will
21. Provide Access to the records upon request, A respected
22. Jurist (Judge Judy) stated if it doesent sound right, it
23. Probably isn't. The warden of the prison to date has not
24. responded to Plaintiff's request for that record.
25. 4-19-18                                    Respectfully
26.                                                  Jesse Ross
27.                                         Jesse Ross - Pro-se - Plaintiff
28.                     Page 4

## CERTIFICATE OF SERVICE

I, Jesse Ross, hereby certify that I am the petitioner in this matter and I am representing myself in propria persona.

On this 19 day of April, 2018, I served copies of the "Request for Leave to File A Late Reply; * Plaintiff's Reply to defendants opposition; To Plaintiff's motion For ___" in case number: 2:17-cv-02386-APG-GWF and placed said motion(s) in U.S. First Class Mail, postage pre-paid:

Address: 555 East Washington Ave. Suite 3900, Las Vegas NV. 89101

Sent to: Jared M. Frost N.V. AG'c

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is/the petitioner in the above-entitled action, and he, the defendant has read the above CERTIFICATE OF SERVICE and that the information contained therein is true and correct. 28 U.S.C. §1746, 18 U.S.C. §1621.

Executed at High Desert State Prison Clark County Nevada on this 19 day of April, 2018.

Jesse A. Ross   DOP# 1095756

PETITIONER -- In Proper Person

Jesse Ross #1095756
HDSP P.O. Box 650
Indian Springs NV. 89070

Ross V. Sandoval et al. USDC NV;
2:17-CV-02386-APG-GWF

LAS VEGAS NV 890
24 APR '18
PM 3 L

Clerk-USDC. D. Neu
LLOYD D. George U.S. Courthouse
333 Las vegas blvd. S.O. Rm 1334
Las Vegas NV. 89101

16411138
Hasler
04/24/2018
US POSTAGE $000.47
ZIP 89101
011E12650075

LEGAL MAIL

3760

89101-706934